UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEPHEN KENNEDY,

                 Plaintiff,

  -against-

WB MEDIA CORP.,

                 Defendant.
------------------------------------------------------------X

15 CV 797

**COMPLAINT**

ECF CASE

Plaintiff, STEPHEN KENNEDY, by his attorneys, EDWARD C. GREENBERG, LLC, alleges as follows:

## PARTIES

1. Plaintiff STEPHEN KENNEDY (hereinafter "Plaintiff" or "KENNEDY") is a U.S Citizen, who is actively engaged/engages in the business of licensing photography in the State of New York and elsewhere, and who resides at 108 Executive Estates Dr., Saint Louis, Missouri 63141.

2. Defendant WB Media Corporation, (hereinafter "Defendant" or "WB MEDIA"), is a domestic business corporation duly organized and existing under the laws of the State of New York, authorized to do business in the State and County of New York, which upon information and belief, maintains its principle place of business at 511 Avenue of the Americas, Suite 332, New York, New York 10011-8436.

## JURISDICTION AND VENUE

3. This is a civil action for copyright infringement.

4. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1338.

5. Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1400.

6. Venue in the Eastern District of New York is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to plaintiff's claim(s) occurred in the State and County of New York.

## FACTS COMMON TO ALL CLAIMS

7. That Plaintiff KENNEDY is a successful professional photographer with many years of experience and a considerable reputation.

8. KENNEDY is well known in the photography business, as he is proprietor of Kennedy Stock (www.kennedystock.com), a licensing company with over 9,000 photographs of actors, models and real people shot by Kennedy.

9. KENNEDY's photos are typically and frequently licensed by businesses for payment of a fee in lieu of hiring a photographer and model for the purposes of creating a "new image."

10. KENNEDY also operates a stock photography website, www.kennedystock.com in order to display said images, and promote the licensing thereof for profit. Kennedy derives substantial income from the licensing of images throughout the United States.

## THE IMAGES

11. Kennedy shot images of the model, Julian Fantechi (hereinafter "Fantechi"), a middle aged man with a muscular physique, which were published on his website, www.kennedystock.com.

12. One of such images of Fantechi captures him standing outdoors, wearing a tight red t-shirt (hereinafter the "Image" or "Subject Image", a copy of which is annexed hereto as **Exhibit "A"**).

13. KENNEDY is well known as the creator of the Subject Image, as he is credited with the rights to the image through the use of an identifying watermark on the image.

14. KENNEDY is further known as the creator of the Subject Image as there is a link titled "Pricing" at the top of his webpage which gives visitors (existing or prospective clients) directions on how to licensing rights to the Subject Image.

15. KENNEDY duly registered the Subject Image with the United States Copyright Office on August 20, 2013, Registration No. VAu1-148-763 (a copy of said registration is annexed hereto within **Exhibit "B"**).

16. WB MEDIA is engaged in the business of operating for profit websites that contain editorial content and for which they solicit and run advertising.

17. Defendant operates a website entitled www.latinohealthzone.com, a for profit website that accepts advertising. Plaintiff's Image has been used in an article entitled "Gaining Muscle After 40" without license or consent and has continued to be used (annexed hereto within **Exhibit "C"**).

18. Defendant operates a website entitled www.gayhealthzone.com, a for profit website that accepts advertising. Plaintiff's Image has been used in an article entitled "Gaining Muscle After 40" without license or consent and it has continued to be used (annexed hereto within **Exhibit "D"**).

19. The Subject Image of Fantechi was/is commercially valuable to Plaintiff.

20. The Defendant has not secured any authorized consent, or model release from Fantechi as set forth herein. Such usage without written consent from Fantechi constitutes a misdemeanor under NY Law, specifically NY Civil Rights Law, Section 50.

### THE OFFENDING USES OF THE IMAGES

21. WB MEDIA has employed Kennedy's Image in *at least* the two websites referenced hereinabove (a copy of which is annexed hereto as **Exhibit "C" and "D"**).

22. Further, the identifying watermark that appears on the Image in its original format has been deleted, and/or electronically mutilated from the Image displayed on Defendant's websites.

23. Such alteration and/or mutilation constitutes an attempt to circumvent the copyright protection system utilized by Plaintiff.

24. Additionally, it constitutes an attempt to undermine Plaintiff's copyright management tactics.

25. KENNEDY has never granted WB MEDIA any license, nor provided authorization or consent to WB MEDIA to use the Subject Image in any media whatsoever.

26. Pursuant to Federal Rule 11, Plaintiff has sought to obviate judicial intervention and filing of suit.

27. Plaintiff by its counsel issued and delivered a writing dated July 30, 2014, notifying Defendant of infringing uses being made of the image by it. The Notice letter requested source and usage information (a copy of which is annexed hereto within **Exhibit "E,"** hereinafter the "Notice Letter").

28. Defendant responded to the notice letter via email dated July 30, 2014, acknowledged receipt of letter and indicated that Defendant intended to remove Subject Image (a copy of said letter is annexed hereto within **Exhibit "F"**).

29. Plaintiff then by counsel advised Defendant that Plaintiff's request for source and usage information remained outstanding.

30. Subsequent to the above referenced correspondence, Defendant has provided none of the source and usage information sought by Plaintiff, and continues to use the registered image without a license, authorization or consent.

31. The Notice Letter advised defendant to remove our client's image from its websites, www.gayhealthzone.com and www.latinohealthzone.com, that its uses of the Subject Image were in violation of KENNEDY's copyright, and that it has no right to use Subject Image in any way, shape or form.

32. Defendant's infringement is willful; the Subject Image has continued to be used after receipt of notice and written expressed intention to remove the image.

33. Defendant ignored the requests made in the July 30, 2014 Notice Letter, in that it continues its infringing activities and has failed to supply any source/usage information which could serve to have obviated litigation.

34. Contrary to the response by WB MEDIA, the Subject Image appears to have not been removed by WB MEDIA from www.gayhealthzone.com and/or www.latinohealthzone.com.

35. That despite such notice, as of the date of this Complaint, no actions by WB MEDIA have been taken to remove Subject Image from the stream of commerce (a copy of which is annexed hereto as **Exhibit "G,"** as of today's date).

36. Plaintiff is committed to protecting his copyright in the Subject Image.

37. That the Defendant has no defense at law to the claims set forth herein.

38. That the full nature and extent of all infringing uses of plaintiff's image by WB MEDIA are unknown to Plaintiff as of this writing, said information being within the sole knowledge, custody, and control of Defendant. That such details and information are expected to be ascertained through discovery in this action.

39. Paragraphs "1" through "39" are incorporated by reference with respect to each of the below claims for relief.

## FIRST CLAIM FOR RELIEF
### Copyright Infringement
### Under Section 501 of the Copyright Act

40. That the use of Plaintiff's Image by the Defendant, in connection with the website www.gayhealthzone.com and www.latinohealthzone.com was and is without the Plaintiff's authorization, license or consent.

41. That, upon information and belief, the aforementioned acts of Defendant, constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the rights granted to KENNEDY as copyright holder.

42. That, upon information and belief, Defendant's use of the Subject Image was willful, intentional and in bad faith.

43. That, upon information and belief, Defendant's use of the Image in violation of Plaintiff's copyright was negligent in that it knew or should have known that it was without a license for the use(s) complained of herein.

44. That, upon information and belief, Defendant, had actual and/or constructive knowledge and/or through the exercise of ordinary business care and/or the examination of public records, knew or should have known that Plaintiff held the copyright in the Subject Image, that Defendant never had (at any of the relevant times herein) a license, consent, or authorization by Plaintiff for the use of Plaintiff's Image on its website or in any other medium of news source employed by Defendant, and that any such use would be in violation of Plaintiff's copyright.

45. That as a result of Defendant's acts; Plaintiff has been and will continue to be damaged in an amount as yet to be determined. Plaintiff is a professional photographer who earns his livelihood by licensing rights to third parties to employ his photographic images.

46. That Plaintiff is further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of Defendant's copyright infringement, and as an alternative to statutory damages, Plaintiff, at his election prior to judgment is entitled to recover his actual damages and any additional profits of the Defendant, attributable to the infringement as under 17 U.S.C. Sections 504 (a)-(b). Plaintiff is similarly entitled to an injunction permanently enjoining and prohibiting the Defendant from utilizing the subject image in any manner.

## **SECOND CLAIM FOR RELIEF**
### Removal or Alteration of Copyright Management Information Under Section 1202 of the Copyright Act

47. Upon information and belief, Defendant intentionally and willfully removed or altered the KENNEDY Label from the Subject Image, without the authority of KENNEDY.

48. That Defendant distributed plaintiff's Image *at least* on www.gayhealthzone.com and www.latinohealthzone.com, while knowing that the KENNEDY Label was removed or altered without the authority of KENNEDY.

49. That Defendant's cropping of the Image such that the Kennedy Label was removed from its display and publication constitutes a violation of Section 1202(b) of the Copyright Act.

50. Upon information and belief, Defendant knew and/or had reasonable grounds to know that by concealing the KENNEDY Label, that it would induce, enable, facilitate, or conceal defendant's infringement of Plaintiff's Image.

51. That Defendant intentionally and/or knowingly concealed the KENNEDY Label as aforesaid, in order to conceal that its use of the Image was without the authorization of KENNEDY and in violation of law.

52. As a result of Defendant's actions with regard to the KENNEDY Label, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

53. As a result of Defendant's actions with regard to the KENNEDY Label, Plaintiff is entitled to damages in the form of actual or statutory damages pursuant to 17 U.S.C. 1203(b)(3) and 1203(c), costs pursuant to 17 U.S.C. 1203(b)(4), reasonable attorney's fees pursuant to 17 U.S.C. 1203(b)(5), a temporary and permanent injunction pursuant to 17 U.S.C. 1203(b)(1), and or the impounding, modification or destruction of any items involved in the violation pursuant to 17 U.S.C. 1203(b)(2) and 1203(b)(6).

54. Plaintiff, in addition to remedies based in the sited sections of U.S.C. Title 17, is further entitled to award(s) of monetary damages as set forth in sections 17 U.S.C. § 1201 through at least 1204 inclusive, in amounts specifically set forth in said sections.

## JURY DEMAND

55. That Plaintiff requests a trial by jury of all issues.

**WHEREFORE**, Plaintiff demands judgment as against the Defendant as follows:

**ON THE FIRST CLAIM-** (A) Award to plaintiff his actual damages incurred as a result of Defendant's infringements, and all profits realized as a result of their infringements, in amounts to be determined at trial but in an amount to be determined by this court; or (B) in the alternative, at Plaintiff's election, award to Plaintiff maximum statutory damages pursuant to 17 U.S.C. § 504 for each individual act of infringement, and for an order of injunction permanently enjoining and prohibiting the Defendant, including but not limited to wholly owned subsidiaries, from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of any and all of Plaintiff's copyrighted Image, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

**ON THE SECOND CLAIM**- (A) Award to Plaintiff his actual damages incurred as a result of Defendant's infringements, in amounts to be determined at trial but in an amount to be determined by this court; or (B) in the alternative, at Plaintiff's election, award to Plaintiff maximum statutory damages pursuant to 17 U.S.C. § 1203 and the sub-paragraphs therein for each individual act of infringement; and for an order of injunction permanently enjoining and prohibiting the Defendant, including but not limited to wholly owned subsidiaries, from employing, altering, cropping, mutilating or otherwise utilizing Plaintiff's copyrighted Image or its copyright management information in any manner or media whatsoever, pursuant to 17 U.S.C. § 1203(b)1; and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4)-(5);

Prejudgment interest on all sums due;

And such other and further relief as this Court may deem just and proper inclusive of any and all relief or remedies allowable by the statutes referenced above or applicable hereinabove.

Dated: New York, NY
February 3, 2015

Yours, etc.,

EDWARD C. GREENBERG, LLC.

By: Edward C. Greenberg, Esq. (EG 5553)
By: Tamara L. Lannin, Esq. (TL 3784)
570 Lexington Ave., 19th Floor
New York, NY 10022
Tel: (212) 697-8777
Fax: (212) 697-2528
*Attorneys for Plaintiff*